**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

NICOLE JOHNSON,

        Plaintiff,

        v.                                          CAUSE NO.: 4:21-CV-65-TLS

LELAND DUDEK, Acting Commissioner of
the Social Security Administration,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on an Amended Motion for an Award of Additional

Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 24], filed on March 23, 2026. The

Commissioner does not object to the motion. ECF No. 25. For the reasons stated below, the

motion is GRANTED.

## BACKGROUND

On May 31, 2016, the Plaintiff filed an application for disability insurance benefits,

alleging disability beginning on January 15, 2015. AR 80–81, ECF No. 7. The Plaintiff

challenged the denial of benefits in federal court, and the Court reversed and remanded for

further proceedings. *Johnson v. Saul*, 4:19-cv-95 (Nov. 30, 2020). Equal Access to Justice Act

(EAJA) fees were awarded in the amount of $7,000.00. *Id.* (Feb. 4, 2021). A second hearing was

held on July 13, 2021, resulting in an unfavorable decision. AR 734–46. The Plaintiff filed a

Complaint in this case, and the Court again reversed and remanded for further proceedings. ECF

No. 12. On January 17, 2023, the Court awarded the Plaintiff's attorney EAJA fees in the amount

of $9,772.00. ECF No. 16. The Social Security Administration then awarded the Plaintiff past-

due benefits, twenty-five percent of which is $29,636.42. *See* Notice of Award 3, ECF No. 17-5.

The Plaintiff's attorney received a total of $16,772.00 in EAJA fees, which the Court ordered the attorney to refund to the Plaintiff from the $29,636.42 attorney fee award under 42 U.S.C. § 406(b), resulting in a net award of $12,864.42. ECF No. 20.

On February 9, 2025, the Social Security Administration issued a Notice of Award for dependent benefits to the Plaintiff's daughter in the amount of $88,909.27 based upon the Plaintiff's earnings records. ECF No. 21-2. The Court issued an order awarding § 406(b) fees in the amount of $22,227.31, which was twenty-five percent of the stated past-due dependent benefits awarded. ECF No. 23.

However, on March 14, 2026, the Social Security Administration determined that the amount awarded on February 9, 2025, was not accurate and issued a corrected Notice of Award, awarding the Plaintiff's daughter $62,768.00 based upon the Plaintiff's earnings record. ECF No. 24-3.

The Plaintiff's attorney represents that he never received the § 406(b) fee of $22,227.31 for the mistaken award. Pl. Br. 2 n.1, ECF No. 24.

The Plaintiff's attorney now requests the Court approve instead the corrected fee of $15,692.00, which is twenty-five percent of the corrected past-due benefit awarded to the Plaintiff's daughter.

## ANALYSIS

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see id.* § 406(b). *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C.

§ 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. For this analysis,

> a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction. To be sure, this list is not meant to be exhaustive. Moreover, the inquiry is case-specific, and it will not produce the same results in every case.

*Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (cleaned up). An award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Gisbrecht*, 535 U.S. at 796.

Here, the requested amount in attorney's fees is consistent with the contingency agreement. The total gross fee paid to the Plaintiff's attorney for his work performed at the federal court level would be $45,328.42 when combining the sum of the fee previously awarded of $29,636.42 and the fee requested in the instant motion of $15,692.00. Counsel represents that 81.8 attorney hours were spent in federal court on this case, resulting in an effective hourly rate of $554.14. *See* Pl. Br. ¶ 14. This hourly rate is reasonable given the contingent nature of this case, the favorable past-due benefit award, and the benefit the Plaintiff will receive in future payments. *See Long v. Saul*, No. 3:19-CV-155, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (noting that an hourly rate of $1,711.96 is within the range of rates approved by courts); *Niebuhr v. Saul*, No. 18-CV-720, 2020 WL 6484488, at *1 (W.D. Wis. Nov. 4, 2020) (effective hourly rate of $579); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney's fees with hourly rates ranging from $400 to $1,500).

**CONCLUSION**

For the reasons stated above, the Court hereby GRANTS the Amended Motion for an Award of Additional Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 24], and AWARDS attorney fees under 42 U.S.C. § 406(b) in the corrected amount of $15,692.00, which is twenty-five percent of the corrected past-due dependent benefits awarded to the Plaintiff's daughter.

The Court VACATES its March 20, 2025 Opinion and Order [ECF No. 23] that awarded fees based on the prior, incorrect award of benefits to the Plaintiff's daughter.

SO ORDERED on April 8, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT